Johnson, J.
In its general structure this indictment is in strict accordance with the precedents of indictments for manslaughter at common law, and the only objection raised to it in support of the first ground of the motion is, that the word feloniously is introduced, as giving a character to the offence not warranted by the act. It is not necessary for the present purpose to determine whether the offence is under the act a felony or not. If it be a felony, the word feloniously is indispensibly necessary; but admitting that it is only 3 *193 4ibisdemeaSor, yet its introduction does not vitiate the indictment. The general rule is, that mere surplusage will not vitiate; as when an indictment for an offence at common law concludes contra formam staiuti. (1 Cowp. 683. 5 D. & East, 162.) And so, when in giving character to an offence, the word knowingly was unnecessarily introduced, it was held to be mere surplusage. (2 East, Crim. Law, 452.) If the offence set out in the indictment be indeed a mere misdemeanor, it is difficult to conceive of a term more foreign to it than that of feloniously. It is a character which, when applied to the subject matter, is wholly unmeaning, and falls clearly within the rule.
As to the second ground, it is a general rule that the ■Special manner of the whole facts should be set forth in the indictment with such certainty that the offence may judicially appear to the court. And in its application it is clear that in indictments for murder or manslaughter, it is indispensably necessary to state that the death ensued in consequence of the act of the prisoner. But I apprehend that the pleader is not confined to any precise phraseology, except when technical words are necessary in the description to give ■character to the offence. It is sufficient if the idea is clearly and distinctly expressed; for neither clerical nor grammatical errors will vitiate, unless they change the word or obscure the meaning. (5 D. and E. 317-8.) And as more directly applicable to the present question, it is laid down in 4 Harg. State Trials, 747, (cited in 1 Chitty's Crim. Law, 173,). that it is not necessary to repeat the nominative case to all the allegations in one continuing sentence. If the sentence objected to in this indictment be read by supplying the nominative case before each verb, as authorized by the rule, it would read thus: — “ Of which said mortal wounds the said slave Pick then and there languished; of which said mortal woundst he, languishingly, did live,' for the space of half an hour, and at the expiration of the said half hour, of the said *194 mortal wounds then and there died:” So that the idea is clearly and distinctly expressed, and the grammatical con* struction of the sentence preserved.
Motion refused.
Ellison for the motion.
Elmore, solicitor, contra.